**In re The CELOTEX CORPORATION,
Debtor.**

**No. 8:90–bk–10016–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 30, 2007.

Andrew T. Jenkins, Jeffrey W Warren, Karen Cox, Shane G. Ramsey, Bush Ross, P.A., Michael G. Mardis, Sivyer Barlow & Watson, PA, Tampa, FL, Kevin E. Irwin, Cincinnati, OH, for Debtor.

## ORDER ON MOTION OF TRAVELERS CASUALTY AND SURETY COMPANY TO CLARIFY APPLICATION OF THE CONFIRMATION INJUNCTIONS

GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion of Travelers Casualty and Surety Company to Clarify Application of the Confirmation Injunctions.

In the Motion, Travelers Casualty and Surety Company (Travelers) requests that the Court "enter an order clarifying that the Ontario Plaintiffs are barred from pursuing any claims in the Ontario Actions against the Attachment B-l Released Policies." (Doc. 13782, p. 16).

## Background

Prior to 1986, Carey Canada, Inc. (Carey Canada) engaged in asbestos mining and milling operations. *In re The Celotex Corporation*, 204 B.R. 586, 590 (Bankr. M.D.Fla.1996).

From November 8, 1976, through June 7, 1984, Carey Canada owned certain property located in the City of Barrie, Ontario, Canada, and used the property in connection with its operations. The property was sold to Canplas Industries Ltd. (Canplas) on June 7, 1984. (Doc. 13782, ¶¶ 21–22).

The Debtor, The Celotex Corporation (Celotex), and Carey Canada filed petitions under chapter 11 of the Bankruptcy Code on October 12, 1990. Celotex owned all of the stock of Carey Canada as of that date.

On December 6, 1996, the Bankruptcy Court entered an Order Confirming the Plan of Reorganization for The Celotex Corporation and Carey Canada, Inc. *In re The Celotex Corporation*, 204 B.R. 586 (Bankr.M.D.Fla.1996). Section C.2 of the Order Confirming Plan is entitled "The Supplemental Injunction." Generally, the Supplemental Injunction enjoins all Entities from recovering any judgment or award from any Released Party to the extent that the judgment or award relates to any Claim. *Celotex*, 204 B.R. at 621. The terms "Entities," "Released Party," and "Claim" are defined in the Order Confirming Plan and the Plan.

Seven years after the entry of the Order Confirming Plan, in December of 2003, Travelers entered into a Settlement Agreement with the Celotex Asbestos Settlement Trust. (Doc. 13373). Travelers, formerly known as The Aetna Casualty and Surety Company, had provided primary comprehensive general liability insurance policies to Celotex from approximately 1965 to approximately 1984. (Doc. 13373, ¶ 2). According to Travelers, the policies covered both "products claims" and "non-products claims." (Transcript, p. 10).

Pursuant to the Settlement Agreement between Travelers and the Celotex Asbestos Settlement Trust:

Travelers settled all of the non-products issues between itself and the Trust as the—at that point, the representative of the Debtors. And it settled it for a payment to the Trust of a substantial amount in return for a full policy release and buyback of its operations policies. And those are the policies . . . that we refer to as the Attachment B–1 release policies.

(Transcript, p. 10). Generally, therefore, Travelers received a release of its liabilities under certain insurance policies described as the Attachment B–1 Released Policies in exchange for a significant payment to the Trust.

The Settlement Agreement was filed *in camera* on March 10, 2004. (Doc. 13390).

On March 18, 2004, the Court entered an Order Granting Amended Motion of the Celotex Asbestos Settlement Trust to Approve Confidential Settlement Agreement with Travelers Casualty and Surety Company and the Travelers Indemnity Company. (Doc. 13393).

In March of 2004, ITW Canada Management, Inc. (ITW) initiated the litigation that is the subject of the Motion currently before the Court. Apparently, ITW owns property that is adjacent to the property in Barrie, Ontario, that was previously owned by Carey Canada. ITW asserts that Carey Canada used a certain solvent in connection with its operations at the site, and that the chemical ultimately contaminated the groundwater and surrounding property.

As a result of various third-party claims and cross-claims that have been filed in

the litigation, ITW, Canplas, and the Minister of Transportation (MTO) are collectively referred to as the "Ontario Plaintiffs."

Travelers contends that the Ontario Plaintiffs are seeking to proceed to trial and judgment against Carey Canada, and then to attempt to collect the judgment from the Attachment B–1 Released Policies.

According to Travelers, the Ontario Plaintiffs' pursuit of their claims against the Attachment B–1 Released Policies is a violation of the Supplemental Injunction contained in the Order Confirming Plan. (Doc. 13782, p. 10).

### Discussion

■ The specific relief requested by Travelers is limited in its scope. Travelers seeks an order determining that "the Ontario Plaintiffs are barred from pursuing any claims in the Ontario Actions against the Attachment B-1 Released Policies." (Doc. 13782, p. 16).

The Court finds that the relief requested by Travelers should be granted.

### A. The Supplemental Injunction

First, the Court has reviewed the Order Confirming Plan that was entered on December 6, 1996. 204 B.R. 586.

Section C.2 of the Order Confirming Plan is entitled "The Supplemental Injunction." The Supplemental Injunction provides in part:

26. In order to preserve and promote the settlements contemplated by and provided for in the Plan and to supplement the injunctive effect of the discharge provided by the Bankruptcy Code and the Plan, and pursuant to the exercise of the equitable jurisdiction and power of the Court under Sections 524(g) and 105(a) of the Bankruptcy Code, all Entities which have held or asserted, which hold or assert or which may in the future hold or assert any claim, demand or cause of action (including, but not limited to, any Asbestos Claim, or any claim or demand for or respecting any Trust Expense) against the Released Parties (or any of them) based upon, relating to, arising out of, or in any way connected with any Claim, whenever and wherever arising or asserted (including, but not limited to, all thereof in the nature of or sounding in tort, contract, warranty or any other theory of law, equity or admiralty) or Interest shall be permanently stayed, restrained and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering or receiving payments, satisfaction or recovery with respect to any such claim, demand, cause of action or Interest, including, but not limited to:

(b) enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or against the property of any Released Party with respect to any such claim, demand, cause of action or Interest.

204 B.R. at 621.

As used in the Order Confirming Plan, the term "Entity" means "any Person, estate, trust, Governmental Unit, or the United States Trustee." (Doc. 9644, Modified Joint Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code for the Celotex Corporation and Carey Canada, Inc., ¶ 1, 70).

The term "Claim" means a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." (Doc. 9644,

Modified Joint Plan, ¶ 1.45; 11 U.S.C. § 101(5)).

The term "Released Parties" means the Debtors, the Official Committees, and other designated parties that expressly include "the Settling Asbestos Insurance Companies named in this Order but only to the extent such Settling Asbestos Insurance Companies specifically contracted (i) to obtain the benefits of the Supplemental Injunction or (ii) to be a Released Party." 204 B.R. at 622.

Finally, pursuant to the Order Confirming Plan, the Supplemental Injunction in favor of a Settling Asbestos Insurance Company is "strictly limited in scope to those matters expressly resolved by the settlement agreement involving the Debtors and such insurer." 204 B.R. at 624.

## B. The Settlement Agreement

Second, the Court reviewed the Settlement Agreement that was entered by the Celotex Asbestos Settlement Trust and Travelers in December of 2003. The Settlement Agreement was filed *in camera.* (Doc. 13390).

The specific terms of the Settlement Agreement are confidential. Essentially, however, it appears that Travelers paid a Settlement Amount to the Celotex Asbestos Settlement Trust in consideration of the Trust's release of Travelers from all Claims arising under or related to the Celotex Policies. (Settlement Agreement, ¶ 4).

The "Celotex Policies," as a defined term in the Settlement Agreement, expressly includes the policies listed in Attachment B–1 to the Settlement Agreement. (Settlement Agreement, ¶ 1.h).

Additionally, the term "Claim" as defined in the Settlement Agreement specifically includes all "past, present or future" claims against Travelers under the Celotex Policies. (Settlement Agreement, ¶ 1.i; Doc. 13782, p. 14).

The Court entered an Order Granting Amended Motion of the Celotex Asbestos Settlement Trust to Approve Confidential Settlement Agreement with Travelers Casualty and Surety Company and the Travelers Indemnity Company on March 18, 2004. (Doc. 13393). In the Order, the Court approved the Settlement Agreement, and further provided that the:

> Settlement Agreement is deemed to be an "Asbestos Insurance Settlement Agreement" (as defined in the Plan) and that Travelers (as defined in the Settlement Agreement) is *deemed to be a "Settling Asbestos Insurance Company" (as defined in the Plan) as to (1) the Settlement Agreement* and (2) the 1996 Settlement Agreement (as defined in the Settlement Agreement).

(Doc. 13393, p. 2)(Emphasis supplied). Accordingly, in accordance with the Order, Travelers is deemed to be a Settling Asbestos Insurance Company for purposes of the Plan and Order Confirming Plan.

By virtue of its designation as a Settling Asbestos Insurance Company in the Order, Travelers is also a Released Party within the meaning of the Supplemental Injunction contained in the Order Confirming Plan. 204 B.R. at 621–22.

Further, Travelers' designation as a Released Party applies specifically to the Settlement Agreement entered in December of 2003, which incorporates the Attachment B–1 Released Policies.

Travelers has furnished a copy of the Settlement Agreement to the Ontario Plaintiffs. The copy provided to the Ontario Plaintiffs was redacted only as to the amount paid. (Doc. 13782, p. 5, n. 2).

## C. The Canadian Orders

Third, the Court has reviewed the Orders entered by the Court in Canada in the litigation commenced by ITW.

On April 4, 2005, for example, the Ontario Superior Court of Justice entered an Order in the case styled In the Matter of S. 18.6 of the *Companies' Creditors Arrangement Act,* R.S.C.1985, c. C–36, as Amended. (Declaration of James E. Rocap, III, Exhibit F).

In the Order, Madame Justice Hoy determined:

1. **THIS COURT ORDERS AND DECLARES** that the proceedings commenced by Carey in the U.S. Bankruptcy Court for protection under Chapter 11 of the U.S. Bankruptcy Code (the "US Bankruptcy Proceedings") be and the same are hereby recognized as a "foreign proceeding" for purposes of Section 18.6 of the CCAA.

2. **THIS COURT ORDERS** that the General Claims Bar Order dated May 22, 1992, a copy of which is attached hereto as Schedule "A" and the Confirmation Order dated December 6, 1996, a copy of which is attached hereto as Schedule "B" (collectively, the "Orders") made in the U.S. Bankruptcy Proceedings be and the same are hereby recognized and enforceable in Canada, including all provinces and territories thereof.

(The Hoy Order, pp. 2–3). Pursuant to Justice Hoy's Order, therefore, it has been judicially determined that the Order Confirming Plan is an enforceable Order in Canada.

Additionally, on December 8, 2006, the Ontario Superior Court of Justice entered an Endorsement in the Canadian litigation. The matter before the Court was a motion by Carey Canada to permanently stay the claims asserted against it by the Ontario Plaintiffs. In the Endorsement entered on the Motion, Justice Lederman concluded:

I grant the exemption of the actions from any stay of proceedings that may have resulted from the U.S. Bankruptcy Court orders and the Recognition Order as sought in the notices of cross-motion but only for the limited purpose of allowing the Respondents to seek judgment against Carey and *to enforce it only against any relevant insurance policy* and not against Carey's current or future assets.

(Doc. 13787, Exhibit A, p. 5)(Emphasis supplied). Pursuant to Justice Lederman's ruling, therefore, it appears that the Ontario Plaintiffs may pursue their claims against Carey Canada, but that any judgment that they obtain may only be enforced against "any relevant insurance" policies.

Travelers contends that "the Attachment B–1 policies, because they are subject to the supplemental injunction, are not relevant insurance policies" within the meaning of Justice Lederman's Endorsement. (Transcript, p. 17).

## D. Conclusion

Based on the Order Confirming Plan, the Settlement Agreement, and the entire record in this case, the Court finds as follows:

1. Pursuant to the Supplemental Injunction contained in the Order Confirming Plan, all Entities are enjoined from recovering any judgment against a Released Party with respect to a Claim, as defined in the Plan.

2. The Ontario Plaintiffs are "Entities," as defined in the Plan.

3. Travelers is a "Released Party," pursuant to the Settlement Agreement entered in December of 2003, the Order ap-

proving the Settlement Agreement, and the Order Confirming Plan.

4. Travelers' designation as a Released Party applies specifically to the 2003 Settlement Agreement, which incorporates the Attachment B–1 Released Policies.

5. Any claims arising under the Attachment B–1 Released Policies are "Claims" within the meaning of Supplemental Injunction and Order Confirming Plan.

Consequently, the Court concludes that the Supplemental Injunction prohibits the Ontario Plaintiffs from recovering any judgment against Travelers that is based on a claim that was covered by the Attachment B–1 Released Policies. Travelers is entitled to the protection provided by the Supplemental Injunction because the protection is the Court-approved consideration for Travelers' substantial payment to the Trust.

Finally, the Court notes that the Ontario Plaintiffs did not appear at the hearing that was conducted in this Court on Travelers' Motion to Clarify the Application of the Confirmation Injunctions.

Instead, the Ontario Plaintiffs wrote a letter to Travelers' attorney, stating that they would not attend the hearing because it is their position (1) that the issues raised by the Motion "are within the jurisdiction of the Ontario Superior Court of Justice;" (2) that they have not "attorned to the jurisdiction of the U.S. Bankruptcy Court;" and (3) that the Motion is premature because they "are not currently seeking to enforce a judgment against any particular insurance policies." (Doc. 13797).

The Court does not have the benefit of the Ontario Plaintiffs' full argument on these issues, since they did not appear at the hearing.

■ Nevertheless, the Court is satisfied that it retains jurisdiction to interpret and enforce the Order Confirming Plan en-

tered in December of 1996. In Paragraph 70 of the Order Confirming Plan, the Court expressly retained jurisdiction after confirmation (1) to enforce and interpret the terms and conditions of the Plan and Plan Documents, (2) to issue any orders necessary for the implementation of any Asbestos Insurance Settlement Agreement, and (3) to enter such orders as are necessary to implement and enforce the injunctions contained in the Order Confirming Plan. 204 B.R. at 631–32.

■ "A bankruptcy court has post-confirmation jurisdiction to protect its confirmation decree, to prevent interference with the execution of a plan and to otherwise aid in a plan's operation and compliance." *In re Pegasus Gold Corporation,* 275 B.R. 902, 911 (Bankr.D.Nev.2002)(citing *Falise v. American Tobacco Co.* 241 B.R. 48, 57 (E.D.N.Y.1999)).

Accordingly:

**IT IS ORDERED** that:

1. The Motion of Travelers Casualty and Surety Company to Clarify Application of the Confirmation Injunctions is granted as set forth in this Order.

2. The Supplemental Injunction contained in the Order Confirming Plan prohibits ITW Canada Management, Inc., Canplas Industries, Ltd., and the Minister of Transportation from pursuing any claims against Travelers Casualty and Surety Company that were covered by the Attachment B–1 Released Policies, as described in this Order.